**NOT FOR PUBLICATION**

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**
**CAMDEN VICINAGE**

| | |
|---|---|
| MEBLIN XIOMAR FIGUEROA,<br>Petitioner<br><br>v.<br><br>DAVID ORTIZ, WARDEN,<br><br>Respondent | **Civ. No. 19-16823 (RMB)**<br><br>**OPINION** |

This matter comes before the Court upon Petitioner Meblin Xiomar Figueroa's Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241. (Pet., ECF No. 1.) Petitioner seeks relief from his conviction in the United States District Court, Western District of Virginia, on the basis that his conduct is no longer criminal under 18 U.S.C. § 924(c), pursuant to United States v. Davis, 139 S. Ct. 2319 (2019). (Id., ¶5.) Respondent filed a motion to dismiss for lack of jurisdiction. (Mot. to Dismiss, ECF No. 6.) For the reasons discussed below, the Court will grant Respondent's motion to dismiss.

I. BACKGROUND

On July 28, 2005, Petitioner was indicted on multiple federal charges of drug trafficking, firearms trafficking, and possession of a firearm in furtherance of a drug trafficking crime. (Pet., Ex. A, ECF No. 1-2.) On April 12, 2006, Petitioner signed a plea

agreement. United States v. Figueroa, 05-cr-24 (W.D. Va.) (Plea Agreement, ECF No. 28.)[1] In exchange for Petitioner's guilty plea on Counts 8, 9, 11 and 12 of the Indictment, the Government agreed to dismiss the remaining counts, including all of the firearms trafficking charges and an additional firearms possession charge that would have carried an additional 300 month mandatory minimum. Figueroa, 05-cr-24 (W.D. Va.) (Plea Agreement, ¶¶1-3, ECF No. 28.)

Petitioner was sentenced on January 29, 2007, following proceedings before the Honorable Norman K. Moon. Figueroa, 05-cr-24 (W.D. Va.) (Minute Entry Sentencing, ECF No. 42.) He received a 375-month sentence on the four charges to which he pleaded guilty. Id. (Judgment, ECF No. 43.) On August 28, 2014, Petitioner moved to reduce his sentence pursuant to 18 U.S.C. § 3582(c)(2), based upon retroactive changes by the United States Sentencing Commission. Id. (Mot. to Reduce Sentence, ECF No. 102.) The sentencing court granted this motion and reduced Petitioner's sentence on Counts 8 and 11 from 15 months to 10 months, while his sentences on Counts 9 and 12 remained the same. Id., (Order, ECF 104.)

Petitioner appealed his conviction and sentence and filed multiple motions, including pursuant to 28 U.S.C. § 2255, seeking to overturn, reduce, or modify his sentence. With the one exception

[1] Available at www.pacer.gov.

described above, the sentencing court and/or the U.S. Court of Appeals for the Fourth Circuit have denied relief. (See id., ECF Nos. 53, 55, 58, 65, 70, 76, 82, 86, 91, 98, 100.)

II. DISCUSSION

A. The Petition

On August 15, 2019, Petitioner filed the present petition under 28 U.S.C. § 2241, arguing that his conduct of conviction is no longer criminal based on the recent Supreme Court decision in Davis. Petitioner contends that he was indicted, pled guilty and sentenced under 18 U.S.C. § 924(c)(1), and the Davis Court held that provision unconstitutionally vague. (Pet., ¶13, ECF No. 1.) Thus, Petitioner concludes that his conviction for use of a firearm in furtherance of a drug trafficking crime is invalid.

B. The Answer

Respondent submits that the Court lacks jurisdiction over the petition under Section 2241 because: (1) Section 2255(h) offers Petitioner a remedy; and (2) Davis does not implicate the validity of Petitioner's § 924(c) conviction and sentence. (Respt's Brief in Supp. of Mot. to Dismiss ("Respt's Brief"), ECF No. 6-2 at 8-9.) A petitioner may challenge his conviction and sentence under § 2241 only by way of the savings clause in § 2255(e), if § 2255 provides an inadequate or ineffective remedy. (Id.)

Respondent further asserts that Davis did not implicate the validity of Petitioner's § 924(c) conviction for possession of a

firearm in furtherance of a drug trafficking crime. (Respt's Brief, ECF No. 6-2 at 11.) Respondent argues that Davis does not address the definition of "drug trafficking crime" in 18 U.S.C. § 924(c)(2), much less charges brought under 21 U.S.C. § 841. (Id.) Instead, Davis concerns only the definition of "crime of violence" under 18 U.S.C. § 924(c)(3)(B). (Id. at 11-12.) Therefore, Respondent argues the petition should be dismissed for lack of jurisdiction under Federal Rule of Civil Procedure 12(b)(1).

C. Standard of Law

Generally, in deciding a Rule 12(b)(1) motion, courts review only "'whether the allegations on the face of the complaint, taken as true, allege facts sufficient to invoke the jurisdiction of the district court.'" Kalick v. United States, 35 F.Supp.3d 639, 644 (D.N.J. 2014) (quoting Licata v. United States Postal Serv., 33 F.3d 259, 260 (3d Cir. 1994)). A court may, however, consider publicly filed documents that show, even if true, the petitioner's allegations "do not set forth a claim that is within this Court's jurisdiction." See e.g., Spataro v. Hollingsworth, Civ. No. 15-1736, 2016 WL 3951327, at *3 (D.N.J. July 21, 2016); Maliandi v. Montclair State Univ., 845 F.3d 77, 89 n.10 (3d Cir. 2016). Here, jurisdiction depends on whether Davis may negate Petitioner's § 924(c) conviction. See Bruce v. Warden Lewisburg USP, 868 F.3d 170, 180 (3d Cir. 2017). Therefore, it is appropriate, in determining jurisdiction, for the Court to consider the filings

from Petitioner's criminal conviction and sentence in the Southern District of Florida.

In 1948, Congress enacted 28 U.S.C. § 2255 to replace traditional habeas corpus under 28 U.S.C. § 2241 with a process that allowed a prisoner to file a motion in the sentencing court on the grounds that his sentence was imposed in violation of the Constitution or laws of the United States. Bruce, 868 F.3d at 178 (3d Cir. 2017). A federal prisoner's collateral review of his conviction must be brought in the sentencing court under § 2255 unless he can show that the remedy is inadequate or ineffective to test the legality of his conviction. Id.

When Congress added limitations to § 2255 in 1996, including requiring permission from the appropriate Circuit Court of Appeals to file a second or successive motion under § 2255, the savings clause of § 2255(e) was untouched. Id. at 179. Thus, the Third Circuit held that in the unusual situation where an intervening change in *statutory* interpretation [by the Supreme Court] runs the risk that an individual was convicted of conduct that is not a crime, and that change in the law applies retroactively in cases on collateral review, he may seek another round of post-conviction review under § 2241. Id. (emphasis added) (quoting In re Dorsainvil, 119 F.3d at 251).

The Third Circuit permits access to § 2241 to challenge the validity of a conviction or sentence under two conditions. First,

"when there is a change in statutory caselaw that applies retroactively in cases on collateral review." Bruce, 868 F.3d at 180 (quoting U.S. v. Tyler, 732 F.3d 241, 246 (3d Cir. 2013) (quoting Dorsainvil, 119 F.3d at 252)). Second, "the prisoner must be 'otherwise barred from challenging the legality of the conviction under § 2255.'" Id. In other words, "the prisoner has 'had no earlier opportunity to challenge his conviction for a crime that an intervening change in substantive law may negate.'" Id. (quoting Dorsainvil, 119 F.3d at 251.))

D. Analysis

In determining jurisdiction under the Third Circuit Dorsainvil exception, the Court first looks to the savings clause of 28 U.S.C. § 2255(e), which provides:

> An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.

28 U.S.C. § 2255(h)(2) provides:

> (h) A second or successive motion [under § 2255] must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain—
>
> (2) a new rule of constitutional law, made retroactive to cases on collateral

> review by the Supreme Court, that was previously unavailable.

The Supreme Court decision in Davis announced a new rule of *constitutional* law rather than a new statutory interpretation when it held the residual clause of § 924(c)(3)(B) unconstitutionally vague. For that reason alone, Section 2255 is not inadequate or ineffective for Petitioner to test the legality of his detention because Petitioner has an avenue to proceed in his sentencing court under 28 U.S.C. § 2255(h).

Furthermore, Petitioner cannot meet the jurisdictional requirement that he is being detained for conduct that has subsequently been rendered non-criminal by an intervening Supreme Court decision. On February 1, 2007, the United States District Court for the Western District of Virginia entered judgment against Petitioner, sentencing him to 60 months on Count 9 for "possession of a firearm in furtherance of a drug trafficking crime" and 300 months on Count 12 for the same. Figueroa, 05-cr-24 (W.D. Va.) (Judgment, ECF No. 43). The drug trafficking crimes were distribution of cocaine, Counts 8 and 11, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(C). The date of offense on Counts 9 and 12 was March 22, 2004. The version of 18 U.S.C. § 924(c) in effect on March 22, 2004 stated, in relevant part:

> (c)(1)(A) Except to the extent that a greater minimum sentence is otherwise provided by this subsection or by any other provision of law, any person who, during and in relation to any

crime of violence or drug trafficking crime … for which the person may be prosecuted in a court of the United States, uses or carries a firearm, or who, in furtherance of any such crime, possesses a firearm, shall, in addition to the punishment provided for such crime of violence or drug trafficking crime –

(i) be sentenced to a term of imprisonment of not less than 5 years;

. . .

(C) In the case of a second or subsequent conviction under this subsection, the person shall—

(i) be sentenced to a term of imprisonment of not less than 25 years; and

(c)(2) For purposes of this subsection, the term “drug trafficking crime” means any felony punishable under the Controlled Substances Act (21 U.S.C. 801 et seq.), the Controlled Substances Import and Export Act (21 U.S.C. 951 et seq.), or the Maritime Drug Law Enforcement Act (46 U.S.C. App. 1901 *et seq.*).

(3) For purposes of this subsection the term “crime of violence” means an offense that is a felony and—

(A) has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or

(B) that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.

(Effective: November 2, 2002 to December 8, 2003.)

In Davis the Supreme Court held "[w]e agree with the court of appeals' conclusion that § 924(c)(3)(B) is unconstitutionally vague." Davis, 139 S. Ct. at 2336. The holding was based on the finding that the residual clause defining "crime of violence" was unworkable, without any discussion of the definition of "drug trafficking crime" in subsection (c)(2). Davis does not invalidate convictions for using and carrying a firearm in relation to a drug trafficking crime, as defined in § 924(c)(2). Therefore, Petitioner cannot demonstrate jurisdiction under § 2241, in accordance with Bruce, based on a new statutory interpretation by the Supreme Court that renders his conduct in violation of § 924(c)(1) non-criminal.

III. CONCLUSION

For the reasons discussed above, the Court grants Respondent's motion to dismiss for lack of jurisdiction.

An appropriate Order follows.

Date: April 28, 2020

s/Renée Marie Bumb
**RENÉE MARIE BUMB**
**UNITED STATES DISTRICT JUDGE**